**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2665
_____

ALEX RYLE,
                              Appellant

v.

IRENE FUH, Registered Nurse; KATHLEEN GUSTAFSON, Nurse Practitioner - 1st
On-call Healthcare Provider; KATIE A. WHEELER, Registered Nurse;
CONNECTIONS COMMUNITY SUPPORT PROGRAMS INC, Healthcare Provider;
NURSE GREEN, Certified Nursing Assistant; 2ND ON-CALL PROVIDER, Healthcare
Provider; TAMAR JACKSON, Medical Doctor; JANE DOE, Healthcare Provider
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil Action No. 1:18-cv-00733)
District Judge: Honorable Maryellen Noreika
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 21, 2020
Before:  KRAUSE, MATEY and ROTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  July 13, 2020)
_____

OPINION*
_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Alex Ryle, an inmate proceeding pro se, appeals from the District Court's order dismissing his complaint. For the reasons that follow, we will affirm.

Ryle filed claims under 42 U.S.C. § 1983 and state law against four named defendants—three medical staff members at the prison and a private healthcare corporation—and four unidentified medical staff members.[1] He alleged that, after sustaining a hand injury, he went to the infirmary and was treated by Irene Fuh on December 6, 2016. Fuh, a nurse, gave Ryle medication to ease the pain and a hand splint, and instructed him to submit a "sick-call slip" so he could receive further treatment. After submitting the paperwork, Ryle returned to the infirmary four days later and was treated by Fuh and Katie Wheeler, another nurse in the infirmary. Fuh told Ryle that she believed his hand was not broken, but, after speaking to an on-call provider, scheduled an X-ray for December 12, 2016. For reasons unknown, that appointment was delayed until December 16, 2016. After the X-ray, Ryle was taken to the emergency room where he was told by an orthopedic doctor that, because of the delay in treatment, nonsurgical resetting of the bone was no longer possible.

On January 5, 2017, Ryle had surgery to fix his hand. He claimed that, after anesthesia wore off, he was in extreme pain. When he requested medication, a nurse offered to phone an on-call provider for authorization to give a him a painkiller.

---

[1] Ryle later identified two of the unnamed medical defendants—Kathleen Gustafson and

However, the provider declined to issue any other medication to Ryle. Ryle was discharged from the infirmary after five days, allegedly in contravention of a prison policy stating that he was supposed to convalesce for months. He alleged that Dr. Tamara Jackson failed to create an appropriate post-surgery pain management plan.

Four medical officials and the prison's healthcare corporation filed a motion to dismiss. Ryle filed an amended complaint in response to defendants' Rule 12(b)(6) motion, but later withdrew the amendment. He attempted to file another amended complaint two months later, but it was struck for failure to comply with Rule 15. The District Court granted the defendants' motion to dismiss, dismissed the federal claims against the remaining defendants sua sponte, and declined to exercise supplemental jurisdiction over the state law claims. Ryle appealed.

We have jurisdiction under 28 U.S.C. § 1291. We construe Ryle's pro se complaint liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). We exercise plenary review over the order dismissing the complaint. See Fleisher v. Standard Ins. Co., 679 F.3d 116, 120 (3d Cir. 2012); Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

---

Nurse Green. The District Court amended the case caption and they were served.

Ryle argues that the District Court erred by dismissing his Eighth Amendment claims based on the defendants' involvement in his alleged misdiagnosis and pain management. We do not agree. To set forth a cognizable Eighth Amendment claim for inadequate medical care, a prisoner must allege (1) a serious medical need and (2) acts or omissions by prison officials that indicate deliberate indifference to that need. Estelle v. Gamble, 429 U.S. 97, 104 (1976). A prison official is deliberately indifferent if he or she knows that a prisoner faces a substantial risk of serious harm and fails to take reasonable steps to avoid the harm. Farmer v. Brennan, 511 U.S. 825, 837 (1994). However, prison authorities are "accorded considerable latitude in the diagnosis and treatment of prisoners," Durmer v. O'Carroll, 991 F.2d 64, 67 (3d Cir. 1993), and "disagreement as to the proper medical treatment" does not give rise to a constitutional violation, Spruill v. Gillis, 372 F.3d 218, 235 (3d Cir. 2004).

With respect to each defendant, Ryle failed to allege deliberate indifference. By Ryle's own allegations, Fuh attempted to provide care to him on a number of occasions, providing, for example, medication and a splint, and scheduling an X-ray. Even if this type of treatment was negligent (an issue we do not decide), medical negligence without accompanying deliberate indifference does not rise to the level of a constitutional violation. See Estelle, 429 U.S. at 106 ("[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment."). The same analysis applies to

4

Wheeler and Gustafson, who simply assisted Fuh in the treatment. Ryle also cannot show deliberate indifference with regard to Nurse Green or Dr. Jackson because he expressed only "mere disagreement" with their post-surgery treatment plan. See Spruill, 372 F.3d at 235. It appears Dr. Jackson merely authorized Ryle's release from the infirmary after five days of recovery, allegedly in violation of prison policy. Green attempted to ease Ryle's pain by phoning an unnamed on-call provider to authorize stronger medication. Under the circumstances, no deliberate indifference can be attributed to Green or Jackson.

Ryle also argues that the prison's privately contracted healthcare provider maintained a policy that demonstrated deliberate indifference to his medical needs. Specifically, he claims that the policy requiring the submission of "sick-call slips" prior to receiving treatment exacerbated his hand injury. However, because there has been no underlying constitutional violation by the individuals associated with the healthcare provider, the provider's policy cannot be a basis for liability. See Natale v. Camden Cty. Corr. Facility, 318 F.3d 575, 584 (3d Cir. 2003) ("In order for [a private healthcare provider] to be liable, the [plaintiff] must provide evidence that there was a relevant

5

[provider] policy or custom, and that the policy *caused the constitutional violation* they allege." (emphasis added)).[2]

Ryle finally argues that he should have been given leave to amend his complaint before the District Court dismissed it. Indeed, in § 1983 actions, a district court must give leave to amend before dismissing the complaint after a defendant moves to dismiss it, "unless amendment would be inequitable or futile." Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). Here, the District Court did not abuse its discretion in concluding that giving Ryle leave to amend would have been futile. Ryle filed an amended complaint in response to the motion to dismiss, which did not allege any new facts that would have shown that the defendants were deliberately indifferent. Ryle withdrew that amendment, and attempted to file another amended complaint months later, which also failed to allege deliberate indifference. After two unsuccessful attempts to amend, the District Court need not have given a third.[3]

---

[2] Because the District Court properly dismissed all federal claims against the defendants, it did not abuse its discretion in declining to exercise jurisdiction over the state law claims. See 28 U.S.C. § 1367(c)(3); De Asencio v. Tyson Foods, Inc., 342 F.3d 301, 308 (3d Cir. 2003).

[3] We find no abuse of discretion in the District Court's decision to strike Ryle's amended complaint under Rule 15 as it was filed more than 21 days after the service of the defendants' 12(b) motion and the court did not give leave to amend. See Fed. R. Civ. P. 15(a). In any event, as the District Court noted, even if it had allowed Ryle to amend his complaint for a third time, the analysis of the claims on the merits would not have changed because the proposed amended complaint and the original complaint were nearly identical. The District Court also acted within its broad discretion when it declined to appoint counsel after consideration of the factors in Tabron v. Grace, 6 F.3d 147, 155-56 (3d Cir. 1993).

Accordingly, we will affirm the judgment of the District Court.